# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LESLIE MARANT

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"); 43 P.S. § 951, et seq. ("PHRA"), Phila. Code § 9-1101, et seq. ("PFPO").
Brief description of cause:
Plaintiff brings this action against her former employer for sex discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
October 13, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| **LESLIE MARANT** | : | CIVIL ACTION | |
| PLAINTIFF, | : | | |
| | : | | |
| **CITY OF PHILADELPHIA** | : | NO. | |
| DEFENDANT. | : | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

October 13, 2025

| | | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Plaintiff, Leslie Marant** |
| | | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA 19102

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
   If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LESLIE MARANT<br>Philadelphia, PA 19151<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF PHILADELPHIA<br>1401 John F. Kennedy Boulevard<br>Philadelphia, PA 19102<br><br>*Defendant.* | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## I.    INTRODUCTION

In 2022, the City of Philadelphia appointed Plaintiff, Leslie Marant, as the Police Department's first Chief Diversity, Equity, and Inclusion Officer to address the systemic sex discrimination that had plagued the organization for decades. Rather than support her efforts, the Department subjected her to the very sex discrimination she was hired to dismantle. When she complained about this and other discriminatory treatment, Defendant retaliated against her and ultimately terminated her employment. Plaintiff now brings claims against the City of Philadelphia for sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff seeks all appropriate relief under the law, including back pay, front pay, compensatory damages for emotional distress, attorneys' fees and costs, and all other relief this Court deems just and proper.

The City of Philadelphia's Police Department' culture of sex discrimination and harassment has infected every level of the organization. This deeply entrenched pattern of

1

discriminatory conduct has created a hostile work environment where female employees face systematic exclusion, inappropriate sexual behavior, and retaliation for speaking out against discriminatory practices. Over the last two decades alone, numerous female Officers have sued the Police Department in Federal Court alleging sexual discrimination and harassment, causing the City to spend millions of dollars in taxpayer money to resolve these claims.

In 2020, in an unprecedented move to address these longstanding issues, the City of Philadelphia appointed Danielle Outlaw as the first woman to lead the Philadelphia Police Department in its history. Recognizing the urgent need to combat the department's toxic culture, Commissioner Outlaw hired Plaintiff, Leslie Marant, as the department's inaugural Chief Diversity, Equity and Inclusion Officer in April 2022. Plaintiff brought exceptional qualifications to this critical role, including a law degree, federal clerkship experience, and over twenty years of professional experience dedicated to civil rights and equity issues.

From the moment she began her tenure, Plaintiff witnessed firsthand the depth of the sexual harassment and discrimination that permeated the department. During her comprehensive interviews with approximately fifty (50) commanders, fourteen of them voluntarily revealed that former police commissioners were known as "ladies' men" who engaged in sexual affairs and relationships with subordinate female employees. Plaintiff observed commanders at mandatory sexual harassment training making statements such as if you are cute, it is a date, but if you look like Forrest Gump, it is harassment and engaging in lengthy discussions about the retribution women should face if they make false claims of harassment. She became aware of allegations of male employees engaging in sexual conduct with female subordinates, and learned of female Police Officers being labeled a "problem" after complaining of sex discrimination.

Undeterred by the environment, Plaintiff sought to combat this culture of sexism and sexual harassment. However, rather than embracing Plaintiff's efforts to reform the Police Department's discriminatory culture, Defendant subjected her to the very discrimination she sought to combat. As a woman in a leadership position, Plaintiff faced exclusion from meetings, denial of standard executive benefits, criticism of her leadership style, and systematic undermining of her initiatives. When she complained about this discriminatory treatment, Defendant retaliated against her.

The retaliation culminated on January 2, 2024, when just months after Commissioner Outlaw's resignation, Plaintiff was terminated due to an alleged restructuring. This restructuring was patently a pretext, as Plaintiff was the only individual terminated.

## II.   **PARTIES**

1.   Plaintiff, Leslie Marant, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

2.   Plaintiff is a Black female.

3.   Defendant City of Philadelphia is a municipality and political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102.

4.   At all times material hereto, Defendant employed more than fifteen (15) employees.

5.   At all times material hereto, Defendant acted by and through its authorized agents and employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6.   At all times material hereto, Defendant acted as employer within the meaning of laws that form the basis of this matter.

3

7.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the laws that form the basis of this matter.

## III.     <u>JURISDICTION AND VENUE</u>

8.     The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

9.     The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

10.     The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this District Court under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District, and Defendant resides within this District.

12.     On or about March 18, 2024, Plaintiff filed a complaint with the Philadelphia Commission on Human Relations ("PCHR") complaining of the acts of discrimination and retaliation alleged herein. The complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's PCHR complaint (with personal identifying information redacted).

13.     On or about July 16, 2025, the Department of Justice issued Plaintiff a Notice of Right to sue for her PCHR Complaint. Attached hereto as Exhibit "2" is a true and correct copy of the notice.

14.     On or about August 18, 2025, the PCHR issued Plaintiff a Notice of Right to Sue for her PCHR Complaint. Attached hereto as Exhibit "3" is a true and correct copy of the notice.

15.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

16.    On or about April 18, 2022, Defendant hired Plaintiff as its first Chief Diversity, Equity, and Inclusion Officer for the Philadelphia Police Department.

17.    Danielle Outlaw, Police Commissioner, who was the first female Commissioner of the Philadelphia Police Department created the position to address the history of sex discrimination and harassment that had previously existed within the Department by male employees.

18.    Plaintiff was hired into the role by Commissioner Outlaw after a lengthy search that lasted almost two years.

19.    Plaintiff brought exceptional qualifications to this position.

20.    Plaintiff holds a Bachelor of Business Administration in Finance and Human Resources Administration from Temple University. Plaintiff obtained her law degree from Temple University in1996 and her Master of Laws (LLM) degree in 1997.

21.    Plaintiff worked as a federal law clerk and staff attorney, Chief Counsel to the Pennsylvania Human Relations Commission, and Chief of Staff to a non-profit that managed over 5000 students and 800 employees.

22.    Upon her hiring by Defendants, Plaintiff served as a member of Defendant's Executive Team and reported directly to the Police Commissioner.

23.    Plaintiff initially reported to Commissioner Outlaw. In September 2023, following Commissioner Outlaw's resignation, Plaintiff began reporting to John Stanford, Jr., Interim Police Commissioner (male).

24.     Throughout her tenure, Plaintiff witnessed firsthand the pervasive sexual discrimination that permeated the department.

25.     During a sexual harassment training session, Plaintiff observed male Commanders comment that it is only harassment if you look like Forrest Gump, but if you are cute then it is a date.

26.     Plaintiff observed male Commanders contend that supervisors could not be subjected to sexual harassment by their subordinates.

27.     During a discussion surrounding the outcome of a sexual harassment and retaliation lawsuit filed by two former female Police Officers, which resulted in a federal jury awarding each Officer $500,000, Plaintiff observed numerous high-level members within the Department vocalize their displeasure with the result.

28.     Plaintiff became aware of multiple allegations of male employees engaging in sexual conduct with female subordinates.

29.     Plaintiff observed male Commanders engage in an extensive discussion as to the retribution female officers should receive if they made a fake claim of harassment.

30.     During Plaintiff's comprehensive interviews with approximately fifty (50) commanders to address the pervasive sex discrimination within the department, fourteen (14) of them voluntarily revealed to Plaintiff that former police commissioners were known as "ladies' men" who engaged in sexual affairs and relationships with subordinate female employees.

31.     After one female Police Officer complained of sex discrimination by a male Lieutenant, Plaintiff learned others within the Department labeled her a "problem."

32.     Plaintiff, along with several other high-ranking officials within the City and Department, received a complaint that an incoming member of the Executive Team had subjected

6

a female officer to sexual discrimination and harassment. Plaintiff wanted to take corrective action on the complaint but was directed to refrain from responding.

33.     Throughout her employment, Plaintiff undertook extensive efforts to change the culture of the department.

34.     She documented harassment issues, interviewed high ranking officials, engaged and implemented numerous training courses, developed equitable hiring practices, and objected to harassment she observed.

35.     Plaintiff repeatedly objected to race and sex discrimination, including sexual and sexist comments by male employees.

36.     She complained about the rampant racism and sexism within the department to various officials that she observed.

37.     Plaintiff additionally objected to discrimination she observed related to other protected groups, including LGBTQ+ employees and a Jewish police officer.

38.     However, rather than embracing Plaintiff's efforts to reform the department's discriminatory culture, Defendant subjected her to the very discrimination she sought to combat.

39.     For example, and without limitation, Defendant:

   a.  ignored Plaintiff;

   b.  excluded Plaintiff from job-related meetings and communications;

   c.  excluded Plaintiff from Executive Team website listing along with other female executives;

   d.  required Plaintiff to complete additional work as compared to other employees;

   e.  denied Plaintiff assistance and resources to perform her job duties; and

f.  criticized Plaintiff's leadership style.

40.    Plaintiff complained of this discriminatory treatment on numerous occasions.

41.    Plaintiff complained to Interim Commissioner Stanford that she would not be criticized for her leadership style if she were a white man.

42.    Plaintiff complained to multiple other senior level City officials that she was criticized and challenged more because she was a Black woman and would not be treated in such a manner if she were a white male.

43.    Defendant failed to take corrective action to stop this discrimination and, in fact, subjected Plaintiff to retaliation.

44.    On January 2, 2024, less than four months after the City's first female Police Commissioner resigned, Defendant terminated Plaintiff's employment, effective immediately.

45.    This was the same day that Kevin Bethel (male) was sworn in as the City's new Police Commissioner. The stated reasons were that Defendant had decided to go in a different direction and Plaintiff was terminated due to a "restructuring of the incoming administration."

46.    Plaintiff was the only employee terminated on January 2, 2024 as part of this restructuring.

47.    Defendant's stated reason for terminating Plaintiff is a pretext for discrimination and retaliation.

48.    Plaintiff's sex was a motivating and determinative factor in the discriminatory treatment alleged herein, including the termination of her employment.

49.    Plaintiff's engaging in protected activity (including complaining about and objecting to sex, race, and other discrimination) was a motivating and determinative factor in the retaliatory treatment alleged herein, including the termination of her employment.

50.     Defendant's conduct, including as alleged herein, after she complained would dissuade a reasonable person from complaining.

51.     Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

52.     Plaintiff's sex and protected activity were motivating and determinative factors in the hostile work environment to which Plaintiff was subjected.

53.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

54.     Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

55.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

56.     Defendant acted with malice or a reckless indifference to Plaintiff's rights.

57.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

58.     Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I - TITLE VII

59.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

60.     By committing the foregoing acts of discrimination, harassment, and retaliation against Plaintiff, Defendant has violated Title VII.

61.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the injuries, damages, and losses set forth herein.

62.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

63.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

64.     By committing the foregoing acts of discrimination, harassment, and retaliation against Plaintiff, Defendant has violated the PHRA.

65.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

66.     No previous application has been made for the relief requested herein.

## COUNT III - PFPO

67.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

68.     By committing the foregoing acts of discrimination, harassment, and retaliation against Plaintiff, Defendant has violated the PFPO.

69.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

70.     No previous application has been made for the relief requested herein.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g)     awarding Plaintiff back pay and front pay;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i)     awarding punitive damages to the extent applicable under law;

11

(j)      awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO;

(k)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and ensuring against future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: October 13, 2025          BY:  _____
                                   Lane Schiff, Esquire
                                   1525 Locust St., 9th Floor
                                   Philadelphia, PA 19102
                                   (215) 545-7676

                                   Attorney for Plaintiff,
                                   Leslie Marant

# EXHIBIT 1

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## COMPLAINT

| | |
|---|---|
| COMPLAINANT: | : |
| **LESLIE MARANT** | Docket No. |
| v. | |
| RESPONDENTS: | |
| **CITY OF PHILADLEPHIA** | |
| and | |
| **PHILADELPHIA POLICE DEPARTMENT** | |

1. The Complainant herein is:

   Name:       Leslie Marant

   Address:    **REDACTED**
   Philadelphia, PA 19151

1. The Respondents herein are:

   Names:      City of Philadelphia; Philadelphia Police Department

   Address:    400 N. Broad Street
   Philadelphia, PA 19130

2. I, Leslie Marant, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female), my race (black), and the combination of my sex and

race ("sex/race"), and retaliation because of my engaging in protected activity, as set forth

below.

### Discrimination and Retaliation

#### A. I specifically allege:

[1]      I was hired by Respondents on or about April 18, 2022.

[2]      I last held the position of Chief Diversity Equity and Inclusion Officer.

[3]      I consistently performed my job duties in a highly competent manner.

[4]      I last reported to John Stanford, Jr. (black, male), Interim Police

Commissioner. Stanford reported to James Kenney (white, male), Mayor.

[5]      Before reporting to Stanford, I reported to Danielle Outlaw (black,

female), Police Commissioner.

[6]      In September 2023, following Outlaw's resignation, I began reporting to

Stanford.

[7]      Stanford had no role in my being hired at Respondents.

[8]      I was treated differently and worse, and in a more hostile and dismissive

manner, than white and/or male and/or noncomplaining employees were treated.

[9]      I was ignored.

[10]      I was excluded from meetings related to my job duties.

[11]      I was excluded from communications related to my job duties.

[12]      I was dismissed.

[13]      I was not provided with certain assistance and resources to do my job,

despite my requests.

[14]      My leadership style was criticized.

[15]      I complained that I would not be criticized for my leadership style if I

were a white man.

[16]     I complained that I was criticized and challenged more because I was a black woman.

[17]     I was aware of male employees engaging in sexual conduct with female subordinates.

[18]     After REDACTED (black, female), Police Officer, complained of sex discrimination by REDACTED (white, male), Lieutenant, she was called a "problem."

[19]     I was not aware of REDACTED having received any conclusion or follow-up communication regarding the alleged investigation into her sex discrimination complaints.

[20]     I was required to complete additional paperwork and processes to transfer REDACTED from being a Police Officer to being assigned as my Aide, which were not required of white and/or male and/or noncomplaining employees to effectuate an internal transfer.

[21]     I repeatedly objected to sex discrimination, including sexual and sexist comments by male employees.

[22]     I repeatedly objected to race discrimination.

[23]     My efforts to address issues of sex discrimination within Respondents were ignored and/or dismissed.

[24]     My efforts to address issues of race discrimination within Respondents were ignored and/or dismissed.

[25]     Other nonwhite employees complained of race discrimination at Respondents.

[26]     Other female employees complained of sex discrimination at Respondents.

[27]     I was told that employees called me a "racist." I objected to the same.

[28]        In December 2023, I noticed that Respondents excluded Elka Battle-Murillo (black, female), Communications Director, Nikola SmithKea (black, female) Executive-in-Residence, and me from the list of Executive Team members on Respondents' website, despite us being on Respondents' Executive Team.

[29]        There were no black female employees among the Executive Team members included on Respondents' website.

[30]        On multiple occasions, in conversations with Krista Dahl-Campbell (white, female), Deputy Commissioner, Outlaw, SmithKea, Battle-Murillo, Robin Wimberly (black, female), Deputy Commissioner, Joel Dales (black, male), Deputy Commissioner, and Verdell Johnson (black, male), Inspector, among others, I complained of race and sex discrimination in connection with how I was treated. I stated that my style, word choice, and manner of speaking would not be an issue if I were a white male.

[31]        In meetings with Camille Duchaussee (black, female), Deputy Director, Labor Relations, I complained about the rampant racism and sexism in the police department. I stated that I was facing opposition as a black woman in my position. She stated that the police department was hard to work with.

[32]        On December 12, 2023, in an email to Blake Norton (white, female), Chief Strategy Officer, I submitted my draft of the Philadelphia Police Department Diversity, Equity, and Inclusion Office's Strategic Plan 2024 to 2026, which addressed issues of race and sex discrimination at Respondents. I stated that Respondents "must address inconsistencies in the talent experience so that Black, Hispanic, non-binary, women, and LGBTQIA+ employees feel safe and perceive fairness in the workplace at a rate consistent with the overall workforce population."

[33]    I did not receive any substantive response to my above email or draft strategic plan.

[34]    On December 20, 2023, Norton gave a Christmas cake to each of the Executive Team members except me. The next day, she gave me a plastic Christmas tree ornament.

[35]    Following the above, Battle-Murillo told me that, last year, Norton gave lemon and vanilla Christmas cakes to everyone except for Battle-Murillo; Norton gave Battle-Murillo a "jungle" cake. Battle-Murillo was the only black employee to whom Norton gave a cake and was the only employee to receive a "jungle" cake.

[36]    On December 28, 2023, an anonymous email was sent to Cherelle Parker (black, female), Mayor-Elect, Kenyatta Johnson (black, male), City Council President, Kevin Bethel (black, male), Incoming Police Commissioner, Francis Healy (white, male), Deputy Police Commissioner, Renee Garcia (female, Hispanic), City Solicitor, and me, complaining of sex discrimination, including sexual harassment, in connection with REDACTED white, male) REDACTED who was promoted to join the Executive Office of Kevin Bethel (black, male), incoming Commissioner.

[37]    Following the above, Garcia instructed the recipients of the above email to refrain from responding.

[38]    To my knowledge, no action was taken in response to the above email complaining of sex discrimination.

[39]    On January 2, 2024, in a meeting with Stanford, Healy, Dahl-Campbell, and Yvonne Banks (black, female), Assistant Human Resources Director, Respondents

terminated my employment, effective immediately. The stated reason was that Bethel had decided to go in a different direction.

[40]     In a letter dated January 4, 2024, signed by Lakeisha Wise (black, female), Director of Human Resources, I was told that my termination, effective January 2, 2024, was "[d]ue to restructuring of the incoming administration."

[41]     Before I engaged in protected activity, I had no indication that my job was in jeopardy.

[42]     At the time of my termination, I was the highest ranking black female employee at Respondents.

[43]     I had no disciplinary or performance issues throughout my employment.

[44]     I was the only employee who was terminated on January 2, 2024.

[45]     Respondents terminated my employment because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[46]     Respondents subjected me to a hostile work environment because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[47]     I had no opportunity to remain employed with Respondents.

[48]     Respondents assigned my job duties and responsibilities to noncomplaining and/or white and/or male employees. I was more qualified to perform my job duties and responsibilities than the noncomplaining, white, and/or male employees to whom my job duties and responsibilities were assigned.

[49]     Respondents failed to remedy or prevent the race and sex discrimination and retaliation to which I was subjected.

[50]     Respondents failed to investigate my race and sex discrimination complaints.

[51]     Respondents' sex, race, and sex/race discriminatory and retaliatory conduct toward me has caused me emotional distress.

[52]     Respondents' comments and conduct evidence a bias against female and/or nonwhite and/or complaining employees.

**B.** Respondents have discriminated against me because of my sex (female), my race (black), and the combination of my sex and race ("sex/race"), and retaliated against me because of my engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

3.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    **X**     **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), Section   9-1103  .**

4.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**     **This charge will be referred to the EEOC for the purpose of dual filing.**

5.     The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

3/15/2024
(Date Signed)

(Signature)   Leslie Marant
REDACTED
Philadelphia, PA 19151

# EXHIBIT 2

**From:**   DOJ Civil Rights - Do Not Reply
**To:**   Emily R. Derstine Friesen
**Subject:**   Response: Your Civil Rights Division Report - 638072-DTL from the Employment Litigation Section
**Date:**   Wednesday, July 16, 2025 2:00:51 PM



U.S. Department of Justice
**Civil Rights Division**

civilrights.justice.gov

638072-DTL

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Jul 16, 2025

Leslie R. Marant

REDACTED

Re:      Leslie R. Marant v. City of Philadelphia and Philadelphia Police
Department, et al.,
EEOC Charge No. 17G-2024-00036

Dear Leslie R. Marant,

You are receiving this notice because you filed the above charge(s) with the
Equal Employment Opportunity Commission (EEOC), and you or your attorney
specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or
because the EEOC has determined that it will not be able to conclude its
administrative process within 180 days of the date it assumed jurisdiction of the
charge(s), you are hereby notified that you have the right to file a lawsuit
commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file
it in the appropriate court within 90 days of receiving this Notice**.  This
Notice should not be taken to mean that the Department of Justice has made a

judgment as to whether your charge is meritorious.  If you haven't already, you may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Philadelphia District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/philadelphia/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: REDACTED , derstinefriesen@consolelaw.com, jill.osborn@phila.gov

## Contact

civilrights.justice.gov

✉ U.S. Department of Justice Civil Rights Division 950 Pennsylvania Avenue, NW Washington, D.C. 20530-0001

📞 (202) 514-3847 1-855-856-1247 (toll-free) Telephone Device for the Deaf (TTY) (202) 514-0716

# EXHIBIT 3



# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## DISMISSAL AND NOTICE OF RIGHTS

To:

Lane J. Schiff, Esq.
Console Mattiacci Law
1525 Locust Street, 9th Fl.
Philadelphia, PA 19102

From:
Philadelphia Commission on Human Relations
601 Walnut Street, Suite 300 South
Philadelphia, PA 19106
215-686-4670 (p) 215-686-4684 (f)

**PCHR Complaint No.: 2024-03-19-17045**

**Date of Commission Decision: 8/15/2025**

**EEOC Complaint No.: 17G-2024-00036**

**Re: Leslie Marant v. Philadelphia Police Department**

The Philadelphia Commission on Human Relations is closing its file on this complaint for the following reasons

☐ **Charge Not Substantiated** – The PCHR is unable to conclude that the information obtained through our investigation establishes a violation of the Philadelphia Fair Practices Ordinance. This does not certify that *the Respondent is* in compliance with the Philadelphia Fair Practices Ordinance. No finding is made as to any other issues that might be construed as having been raised by this complaint.

☐ **Failure to Cooperate** – After 30 days in which to respond, the Complainant failed to provide information, failed to appear or to be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve the complaint.

☐ **Failure to Locate** – Though reasonable efforts were made to locate the Complainant, we were not able to do so.

☐ **Complaint Withdrawn** – The PCHR has complied with the Complainant's request for withdrawal of the complaint referenced above.

☐ **Lack of Jurisdiction** – The facts alleged in the complaint fail to state a claim over which the PCHR has enforcement authority because the Complainant waited too long after the date(s) of the alleged discrimination to file the complaint, the discrimination alleged occurred outside Philadelphia or for some other reason(s).

☐ **Satisfactorily Adjusted** – The parties entered a settlement agreement that provides relief for the harm(s) alleged.

☐ **Waiver to EEOC** – The Complainant has requested that the case be waived to the Equal Employment Opportunity commission for further processing.

☒ **Right to Sue Requested** – Notice received that a right to sue was requested from the EEOC in this dual-filed matter. Complainant has the right to pursue this claim in the appropriate state or federal court.

☐ **Conciliation** – After a finding of probable cause, the parties entered a conciliation agreement that provides full relief for the violations established by our investigation. The complaint will be closed accordingly, but the Conciliation Agreement will remain on file and subject to review by the Commission during the period it is in effect.

☐ **Other** – Administrative Action.

No further action is required at this time.

On behalf of the Commission

**Name**

**Date** August 18, 2025