IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE MARANT | : | CIVIL ACTON |
| Plaintiff, | : | |
| vs. | : | No. 2:25-cv-02076 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**DEFENDANT, THE CITY OF PHILADELPHIA'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, the City of Philadelphia, by and through the undersign counsel, Marshall Dennehey, P.C., hereby submits this Answer to Plaintiff's Complaint along with its Affirmative Defenses.

## I. INTRODUCTION

Denied. The allegations contained in this section of Plaintiff's Complaint contain Plaintiff's theory of the case and/or conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

## II. PARTIES

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

4. Admitted.

5. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

1

6. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

7. Admitted in part, denied in part. It is admitted that Plaintiff was employed by the City of Philadelphia from April 2022 through January 2, 2024. The remaining allegations in this paragraph are denied and strict proof is demanded at the time of trial.

### III. JURISDICTION AND VENUE

8. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

9. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

10. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

11. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

12. Admitted in part, denied in part. It is admitted that Plaintiff filed a complaint with the Philadelphia Commission on Human Relations, said complaint is included as an attachment with Plaintiff's Complaint and speaks for itself. The remaining allegations in this paragraph are denied and strict proof is demanded at the time of trial.

13. Admitted upon information and belief.

14. Admitted.

15. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

## IV. FACTUAL ALLEGATIONS

16. Admitted.

17. Admitted in part, denied in part. It is admitted that Danielle Outlaw was the first female Commissioner of the Philadelphia Police Department and she created the police department's Chief Diversity, Equity, and Inclusion Officer. The remaining allegations in this paragraph are denied and strict proof is demanded at the time of trial.

18. Admitted in part, denied in part. It is admitted that Plaintiff was hired into the role by Commissioner Outlaw. The remaining allegations in this paragraph are denied and strict proof is demanded at the time of trial.

19. Denied. The allegations in this paragraph contain Plaintiff's theory of the case, to which no response is required. To the extent that a response is required, same are denied.

20. Admitted upon information and belief.

21. Admitted upon information and belief.

22. Admitted.

23. Admitted.

24. Denied. The allegations in this paragraph contain conclusions of law and/or Plaintiff's theory of the case, to which no response is required. To the extent that a response is required, same are denied.

25. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

26. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

27. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

28. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

29. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

30. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

31. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

32. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

33. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

34. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

35. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

36. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

37. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

38. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

39. Denied.

    a. - f.   Denied.

40. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

41. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

42. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

43. Denied.

44. Admitted in part, denied in part. It is admitted that Plaintiff was terminated on or about January 2, 2024. The remaining allegations in this paragraph are denied and strict proof is demanded at the time of trial.

45. Admitted.

46. Admitted.

47. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

48. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

49. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

50. Denied.

51. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

52. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

53. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

54. Denied.

55. Denied.

56. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

57. Denied.

58. Denied.

## COUNT I – TITLE VII

59. Defendant incorporates by reference all preceding paragraphs of this Answer as if same were fully set forth herein.

60. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

61. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

62. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

## COUNT II - PHRA

63. Defendant incorporates by reference all preceding paragraphs of this Answer as if same were fully set forth herein.

64. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

65. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

66. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

## COUNT III - PFPO

67. Defendant incorporates by reference all preceding paragraphs of this Answer as if same were fully set forth herein.

68. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

69. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent that a response is required, same are denied.

70. Denied. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the allegations of this paragraph, therefore, same are denied and strict proof is demanded at the time of trial.

## RELIEF REQUESTED

**WHEREFORE**, Defendant, the City of Philadelphia respectfully requests that judgment be issued in its favor against Plaintiff, and prays that this Honorable Court granted relief, up to and including dismissal with attorney's fees.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant did not discriminate, harass or retaliate against Plaintiff. On the contrary, Defendants acted lawfully and in good faith towards Plaintiff at all times material to the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Defendant had legitimate, non-discriminatory business reasons for taking any/all employment decisions regarding Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant had reasonable policies and procedures in place to prevent discrimination, retaliation and harassment, and Plaintiff unreasonably failed to avail herself to such policies and procedures.

**FIFTH AFFIRMATIVE DEFENSE**

If it is determined that Plaintiff suffered damages, Plaintiff's damages are barred, in whole or in part, by her failure to mitigate.

**SIXTH AFFIRMATIVE DEFENSE**

If it is determined that Plaintiff suffered damages, Plaintiff's damages are barred for failure to exhaust administrative remedies to the extent the allegations contained in the Complaint exceed the scope of the underlying charge(s) of discrimination and/or Plaintiff failed to timely and properly file charges herself.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has in place a policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiff claims she was subjected, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**WHEREFORE**, Defendant, the City of Philadelphia denies that it is liable for the causes of action declared herein, and demands judgment in its favor plus any cost, interest and fees that this Court may deem just.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
JAHLEE J. HATCHETT, ESQUIRE
Attorney ID No. 71265 / 313604
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2780 Fax (215) 575-0856
Email:  jjhatchett@mdwcg.com
Attorneys for Defendant

Date:  December 15, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE MARANT | : | CIVIL ACTON |
| Plaintiff, | : | |
| vs. | : | No. 2:25-cv-02076 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**CERTIFICATE OF SERVICE**

I, JAHLEE J. HATCHETT, ESQUIRE, do hereby certify that a true and correct copy of Defendant, the City of Philadelphia's Answer with Affirmative Defenses was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

                MARSHALL DENNEHEY, P.C.

BY: _____
                JOHN P. GONZALES, ESQUIRE
                JAHLEE J. HATCHETT, ESQUIRE
                Attorney ID No. 71265 / 313604
                2000 Market Street, Suite 2300
                Philadelphia, PA  19103
                (215) 575-2780 Fax (215) 575-0856
                Email:  jjhatchett@mdwcg.com
                Attorneys for Defendant

Date:  December 15, 2025